UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

FELANDO DAMONE HUNTER,

              Plaintiff,

v.

SARAH SCHROEDER et al.,

              Defendants.

_____/

Case No. 2:25-cv-155

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which

he complains occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues the following MBP staff: Warden Sarah Schroeder, Correctional Officer Unknown LeBouf, and Correctional Officer Unknown Johnson. (Compl., ECF No. 1, PageID.1, 2.) Plaintiff sues Defendants in their individual and official capacities. (*See id.* at PageID.2.)

In Plaintiff's complaint, he alleges that while he was incarcerated at MBP in Unit E, a segregation unit, his unit was denied yard time from May 28, 2024, through June 2, 2024. (*Id.*, PageID.3.) Plaintiff states that during this period of time, he was not on loss of privileges or any other sanctions. (*Id.*)

Plaintiff "continuously asked [Defendant] Johnson" about receiving out of cell exercise time on the yard "and was ignored."[1] (*Id.*) Additionally, Plaintiff "sent numerous kites" to Defendant Schroeder "and received no response." (*Id.*) Further, on an unspecified date, while Defendant Schroeder was conducting her "weekly unit rounds," Defendant Schroeder told Plaintiff that "there [wa]s not a reason why [the] unit shouldn't have ran yard." (*Id.* (phrasing in original retained).) As Defendant Schroeder was leaving Plaintiff's unit, Plaintiff alleges that Defendant Schroeder spoke to unnamed non-party correctional officers in the unit, and either Defendant Schroeder or the unnamed non-party correctional officers "stated [Plaintiff] only wanted yard to cause trouble." (*Id.*) Plaintiff states that he does not know where that "speculation deriv[ed] from." (*Id.*)

Plaintiff also asked "[Defendant] LeBouf numerous times about yard[, and LeBouf] finally told [Plaintiff] to write a grievance, . . . which [Plaintiff] did" on June 3, 2024. (*Id.*) The "administration sent [the] grievance back stating there was no solution because they were short staff." (*Id.*) Plaintiff claims that Unit D, which he describes as "another segregation [unit],"

---

[1] In this opinion, the Court corrects the capitalization in quotations from Plaintiff's complaint.

"received yard." (*Id.*) Plaintiff alleges "there's no viable reasoning why out [of] cell exercise was denied," and the MDOC "tried to cover it up by stating staff shortage." (*Id.*)

Based on the foregoing, Plaintiff brings claims under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment and that Defendants violated his rights under the MDOC's policies and procedures.[2] (*Id.*) Plaintiff seeks monetary damages, and he asks "the Courts to get the right people in these positions that controls the decision making on our yard so this can't happen to people like me." (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

---

[2] In Plaintiff's complaint, he specifically identifies the claims that he intends to bring in this suit. (*See* Compl., ECF No. 1, PageID.3.) Because Plaintiff specifically identifies the claims that he intends to bring in this suit, the Court does not construe Plaintiff's complaint to raise any other claims. Moreover, even if, for example, Plaintiff had raised a First Amendment retaliation claim, he would fail to state such a claim because he fails to allege that he engaged in protected conduct prior to the alleged denial of yard time. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (setting forth the elements of a First Amendment retaliation claim). Instead, Plaintiff's allegations show that *after* Plaintiff and his unit were denied yard time from May 28, 2024, through June 2, 2024, Plaintiff filed a grievance about the matter on June 3, 2024. (Compl., ECF No. 1, PageID.3.) Plaintiff also alleges that he made verbal complaints to Defendants regarding the denial of yard time at unspecified times during the relevant time period; however, again, Plaintiff alleges that these verbal complaints were about the denial of yard time, meaning the denial of yard time preceded the verbal complaints. Under these circumstances, even if Plaintiff had raised a First Amendment retaliation claim, the claim would be subject to dismissal for failure to state a claim.

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claims

Plaintiff sues Defendants in their individual and official capacities. (Compl., ECF No. 1, PageID.2.)

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments

are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). And, regardless, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Here, Plaintiff seeks monetary damages and injunctive relief. (Compl., ECF No. 1, PageID.4.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g.*, *Lapides*, 535 U.S. at 617. Similarly, Plaintiff may not seek monetary damages against Defendants in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.").

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking prospective injunctive or declaratory relief is not treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). The *Ex parte Young* doctrine "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign immunity purposes." *Va. Ofc. for Prot. and Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (internal citation omitted.) The Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign

5

immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). In the present action, Plaintiff's allegations relate solely to past harm, not future risk of harm. Therefore, Plaintiff does not seek relief properly characterized as prospective, and his claims do not fit within the *Ex parte Young* exception. *See Ladd*, 971 F.3d at 581.

Moreover, the United States Court of Appeals for the Sixth Circuit has held that transfer to another correctional facility moots a prisoner's injunctive and declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Here, Plaintiff is no longer confined at MBP, which is where he avers that Defendants are employed. Thus, Plaintiff cannot maintain his claims for injunctive relief against Defendants.

For all of these reasons, Plaintiff has failed to state a claim against Defendants in their official capacities upon which relief may be granted. Accordingly, Plaintiff's official capacity claims against Defendants will be dismissed for failure to state a claim.

## B.    Eighth Amendment Claims

Plaintiff alleges that Defendants violated his Eighth Amendment rights by denying him out of cell exercise time on the yard from May 28, 2024, through June 2, 2024. (Compl., ECF No. 1, PageID.3.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene

6

society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In order for a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

The Eighth Amendment entitles prisoners to exercise that is sufficient to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). It is well established that "total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)); *see Argue v. Hofmeyer*, 80 F. App'x 427 (6th Cir. 2003). Nevertheless, it is equally well established that allegations about temporary inconveniences do not show that the conditions of confinement fell beneath the minimal civilized measure of life's necessities as measured by a

contemporary standard of decency. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)).

Here, Plaintiff alleges that he was denied out of cell exercise time on the yard from May 28, 2024, through June 2, 2024. (Compl., ECF No. 1, PageID.3.) The Court does not minimize Plaintiff's experience; however, he fails to allege any facts to suggest that this approximately six-day period was anything other than a temporary inconvenience. *See Dellis*, 257 F.3d at 511. Moreover, Plaintiff does not allege that his cell was too small to permit any exercise or that he suffered any ill effects from the temporary limitation on his yard privileges. *See, e.g.*, *May v. Baldwin*, 109 F.3d 557, 565–66 (9th Cir. 1997) (concluding that a denial of out-of-cell exercise for 21 days did not rise to Eighth amendment violation); *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) ("Denial of recreation for a short period, per se, is not a constitutional violation."); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (holding that there was no Eighth Amendment violation when the plaintiff was held in segregation without outdoor exercise for 28 days).

Accordingly, for these reasons, Plaintiff fails to state an Eighth Amendment claim against Defendants regarding the denial of yard time.

### C.    Fourteenth Amendment Equal Protection Claims

Plaintiff also brings Fourteenth Amendment equal protection claims against Defendants, alleging that "allowing Unit D yard time and not Unit E[, which was Plaintiff's unit,] [wa]s a violation of [Plaintiff's] 14th [Amendment rights]." (Compl., ECF No. 1, PageID.3.) Plaintiff states that his unit, Unit E, was a segregation unit at MBP, and he describes Unit D, as "another

segregation [unit]." (*Id.*) Plaintiff claims "there's no viable reasoning why out [of] cell exercise was denied," and the MDOC "tried to cover it up by stating staff shortage." (*Id.*)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff alleges in a conclusory manner that Unit D, "another segregation [unit]" at MBP received out of cell exercise/yard time, but that his unit, Unit E, did not from May 28, 2024, through June 2, 2024. (Compl., ECF No. 1, PageID.3.) Plaintiff was informed that the reason his unit was denied yard time for the relevant period of time was due to a staffing shortage at MBP. (*Id.*) It is clear that Plaintiff does not believe that excuses the lack of yard time for the approximately six-day period in question. (*See id.*)

As an initial matter, although Plaintiff describes Unit D and Unit E as segregation units at MBP, he alleges insufficient facts to show that inmates in Unit D were in fact similarly situated.

For example, although he describes both units as segregation units, the MDOC has different types of segregation. *See* Segregation Standards, MDOC Policy Directive 04.05.120, ¶¶ M–Z (eff. June 1, 2019) (identifying three different types of segregation: temporary segregation, administrative segregation, and punitive segregation). Plaintiff alleges no facts regarding the segregation types in Unit D or Unit E, the security level of the inmates in the units, the security considerations or risk factors present (i.e., did the inmates in Unit D have the same risk factors as related to history of assaults on staff or other prisoners, escape attempts, etc.), or the number of inmates housed in the units. Plaintiff need not allege facts to address each of these issues; however, without any facts to support his conclusory allegation, Plaintiff fails to show that he was treated differently than other similarly situated individuals. Plaintiff must allege *facts* to support his claims, and he has not done so here. Instead, his allegations of discriminatory treatment are conclusory, and conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory. And, he has alleged no facts that plausibly show that the others were similarly situated in all relevant respects.

Accordingly, for these reasons, Plaintiff's Fourteenth Amendment equal protection claims will be dismissed for failure to state a claim.

### D.    Section 1983 Claims Regarding Violation of the MDOC's Policies and Procedures

Plaintiff claims that Defendants' denial of yard time violated the MDOC's policies and procedures. (*See, e.g.*, Compl., ECF No. 1, PageID.3.)

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924

(1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertions that Defendants violated the MDOC's policies fail to state a claim under § 1983.

Moreover, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendants violated prison policy fails to raise a cognizable federal claim.

Accordingly, for the reasons set forth above, Plaintiff's § 1983 claims regarding the violation of the MDOC's policies and procedures will be dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.


Dated:   August 7, 2025                    /s/ Robert J. Jonker
                                           Robert J. Jonker
                                           United States District Judge